IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

RICARDO TERRELL                                                  PETITIONER

VS.                                         CIVIL ACTION NO 3:09CV1-DPJ-FKB

LAWRENCE KELLY                                         RESPONDENT

**REPORT AND RECOMMENDATION**

This cause is before the court on the petition for writ of habeas corpus filed by Ricardo Terrell, a state prisoner. Having considered the petition, response, and the state court record, the undersigned recommends that habeas relief be denied and the petition be dismissed with prejudice.

**I. FACTS AND PROCEDURAL HISTORY**

On the morning of November 5, 2004, Ricardo Terrell entered the office of Preferred Check Service, a check cashing business in Crystal Springs, Mississippi. He spoke for a few minutes with Diane LeCompte, the only employee in the office, concerning some handmade jewelry she had for sale on the counter. Terrell left without purchasing anything. Approximately fifteen minutes later, another man entered the business and robbed it at gunpoint.

Chris Palmer, the Crystal Springs police officer who investigated the crime, soon targeted Herbert McGee as a suspect, and Ms. LeCompte identified him from a photo lineup as the man who had robbed her at gunpoint. During his investigation, Officer Palmer received further information from John Freeman, a gentleman who worked at times with his nephew in an iron works shop near Preferred Check Service. Freeman told

Palmer that he had seen an unidentified man standing behind Preferred Check Service near the time of the robbery. When Freeman questioned him, the man said he had stopped there to urinate. The man then got into an automobile and drove away. Before he drove away, the unidentified man yelled something toward the corner of the building. A few minutes later, Freeman observed another individual, later identified as McGee, running out of the Preferred Check Service building and yelling that someone was trying to shoot him.

Freeman identified Ricardo Terrell from a photo lineup as the man he had seen standing behind the building, and Officer Palmer brought Terrell in for questioning. According to Palmer, after being read his Miranda rights, Terrell gave an oral statement in which he said that he had gone into the check cashing office to inquire about a necklace his girlfriend was interested in. He stated that he then drove around to the back and used the bathroom, where he was confronted by Freeman. As he drove away, he saw his friend Herbert McGee. Terrell gave McGee a ride back to the trailer park where McGee lived and where Terrell often visited with his girlfriend.

When questioned by Officer Palmer, McGee confessed to the robbery. He told Officer Palmer that Terrell had given him a ride after the robbery and that he had shared some of the money with Terrell. Based upon this information, Officer Palmer brought Terrell in a second time for questioning. During this interview, according to Palmer, Terrell admitted involvement in robbery. Terrell stated that on the morning of November 5, he and McGee were drinking gin together when they decided to "hit a lick." Terrell drove the two of them to Preferred Check Service, where they looked over the situation.

2

Terrell then drove around back of the building and let McGee out of the car.  While Terrell was waiting for McGee, a man approached Terrell and asked him to leave.  Terrell then drove down the street and picked up McGee, who gave him two hundred dollars.

Terrell was indicted and tried for the crime of armed robbery in the Circuit Court of Copiah County.  At trial, he took the stand, denied any involvement in the robbery, and denied ever having given any statements to authorities.  The jury convicted him of the lesser offense of robbery.   After the jury was dismissed, the trial court held a sentencing hearing, found Terrell to be a habitual offender under Miss. Code Ann. § 99-19-81, and sentenced him as such to a term of fifteen years.[1]  The Mississippi Supreme Court affirmed.  Thereafter, Terrell filed for post-conviction relief (PCR) in the Mississippi Supreme Court.  That application was denied.

Terrell then filed the present habeas petition, raising the following grounds for relief:

1. The state's failure to identify Jerome Leflore on its witness list violated Terrell's rights to due process.

2. The enhancement of Terrell's sentence violated due process because the fact of his prior convictions was determined by the court instead of by the jury.

---

[1]Miss. Code Ann. § 99-19-81 provides as follows:

Every person convicted in this state of a felony who shall have been convicted twice previously of any felony or a federal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penal institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation.

3. His sentencing order violated due process because it failed to include the requisite statutory findings regarding his prior felony convictions.

4. Terrell's attorney rendered ineffective assistance by failing to raise on direct appeal the issues raised herein and by failing to adequately investigate his case and to call witnesses who would have exonerated him.

5. The cumulative effect of the sentencing errors deprived Terrell of a fair trial.

## II. ANALYSIS

In ruling on Terrell's PCR application, the state supreme court rejected grounds one and three as procedurally barred because of Terrell's failure to raise them on direct appeal. Where a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or can demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A procedural rule is "adequate" if it is regularly and consistently applied. *Johnson v. Mississippi*, 486 U.S. 578, 587 (1988); *see also Amos v. Scott*, 61 F.3d 333, 339 (5th Cir. 1995) ("An `adequate' rule is one that state courts strictly or regularly follow, and one that is applied evenhandedly to the vast majority of similar claims.") A state procedural rule is presumed to be adequate when the state court expressly relies upon it in denying collateral relief. *Lott v. Hargett*, 80 F.3d 161, 165 (5th Cir. 1996); *Sones v. Hargett*, 61 F.3d 410, 416 (5th Cir. 1995). Terrell has made no argument in his habeas petition that the procedural bar relied upon by the state court was inadequate to support the rejection of these claims; neither has he made any showing as

to the cause of his defaults, actual prejudice as a result of the alleged constitutional violations, or that failure to address the merits of these claims will result in a miscarriage of justice. Accordingly, the undersigned concludes that the state court's holding that these claims were procedurally barred precludes this court's consideration of their merits.[2]

Petitioner's remaining claims were previously presented to and adjudicated on the merits by a state court within the meaning of 28 U.S.C. § 2254(d) in his post-conviction relief proceeding. They are therefore subject to the highly deferential standard of review set forth in that statute, which allows habeas relief in this case only if the state court's rejection of his claims "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, . . . or . . . was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* The Supreme Court has repeatedly emphasized that "'an *unreasonable* application of federal law is different from an *incorrect* application of federal law.'" *Renico v. Lett*, 130 S.Ct. 1855, 1862 (2010) (quoting *Williams v. Taylor*, 529 U.S. 362, 410 (2000)). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Id*. (quoting *Williams*, 529 U.S. at 411). Rather, the application must be not only incorrect, but also "objectively unreasonable." *Id.* (quoting *Williams*, 529 U.S. at 409).

---

[2] Jerome Leflore was a police officer who testified for the state on rebuttal. In his direct appeal, Terrell raised an issue concerning his testimony and the trial court's failure to sustain his objections to it. However, Terrell framed the issue exclusively in terms of state law concerning proper rebuttal testimony; there was no mention of any due process or other constitutional violation.

In ground two of his petition, Terrell contends that his sentence as an habitual offender under Miss. Code Ann. § 99-19-81 violated due process because the trial judge, rather than the jury, determined the facts of his prior felony convictions. This ground for relief is clearly without merit. The Supreme Court has specifically stated that determinations concerning prior convictions are exceptions to the rule that a jury must decide, beyond a reasonable doubt, facts that increase the penalty of a crime beyond the maximum statutory penalty: "*Other than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) (emphasis added). Terrell was not entitled to a jury determination of his eligibility to be sentenced as an habitual offender. It follows, *a fortiori*, that the state court's rejection of this argument was not objectively unreasonable.

Terrell also challenges his sentence in ground five of the petition, citing the "cumulative effect of the denial of due process in sentencing." The undersigned has already concluded that there was no due process violation in the fact-finding process underlying Terrell's sentencing. The only other challenge he has made to his sentence is that the sentencing order failed to comply with the statutory requisites under Miss. Code Ann. § 99-19-91. As previously explained, this argument is not properly before this court because it was procedurally defaulted in state court. Furthermore, even if considered as part of the "cumulative error" alleged by Terrell, this argument fails on the merits. Terrell's specific argument in this regard is that his sentencing order violated the statute because it failed to include findings that Terrell had been previously convicted of two or more prior

felonies for which he had been sentenced to serve at least one year each in a state or federal institution. The statute contains no requirement that specific findings be set forth in the sentencing order, and Terrell has failed to identify any other authority for his position. In short, there are no due process violations or errors to cumulate regarding Petitioner's sentence. Ground five of petition is without merit, and the state court's rejection of this claim was therefore reasonable.

In ground four, Terrell alleges several claims of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland's* familiar two-prong analysis requires a petitioner to first show that his attorney's performance was deficient. 466 U.S at 688. "Deficient" means that counsel's performance was "outside the wide range of professionally competent assistance." *Id.* at 690. If a petitioner succeeds in establishing deficiency on his counsel's part, then he must go on to demonstrate that his attorney's deficient performance prejudiced the defense such that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Terrell contends that his attorney on direct appeal rendered ineffective assistance by failing to raise the issues now raised by Terrell in the present federal habeas petition. Presumably Terrell is referring to grounds two, three, and five. As explained *supra,* all three of these claims are completely without merit, and he cannot fault his attorney for having failed to raise meritless claims.

Terrel's remaining allegation of ineffective assistance is that his trial attorney failed to investigate or call witnesses. Terrell gives no further details concerning any uncalled

witness or what investigation he believes his attorney should have performed. These conclusory allegations fail to raise a constitutional issue. *See Lincecum v. Collins*, 958 F.2d 1271, 1279 (5th Cir. 1992) (denying relief where habeas petitioner offered only conclusory allegations that his counsel was ineffective for failing to investigate, develop and present mitigating evidence).

Petitioner has wholly failed to establish either deficiency in his attorney's performance or prejudice and has likewise failed to show that the state court's rejection of his *Strickland* claims was objectively unreasonable.

### III.  CONCLUSION

Grounds one and three of Terrell's petition are procedurally barred. The Mississippi Supreme Court's adjudication of Terrell's remaining claims was not contrary to, nor did it involve an unreasonable application of, clearly established Supreme Court law. Accordingly, the undersigned recommends that habeas relief be denied and the petition be dismissed with prejudice.

The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual

findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 9th day of May, 2011.

/s/ F. Keith Ball
UNITED STATES MAGISTRATE JUDGE